## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LEON JAMES SWETT,

        Plaintiff,

v.

ALASKA NATIVE MEDICAL CENTER, *et al.,*

        Defendants.

Case No. 3:24-cv-00086-SLG

## **SCREENING ORDER**

On April 12, 2024, self-represented litigant Leon James Swett ("Plaintiff") filed a civil complaint under 42 U.S.C. § 1983 against the Alaska Native Medical Center, the Mat-Su Regional Hospital, and the State of Alaska ("Defendants").[1] He also filed a civil cover sheet and an application to waive payment of the filing fee.[2] Plaintiff claims that on or about March 14, 2024, Defendants prevented him from accompanying or visiting his wife in the hospital and retrieving her medical records in the days preceding her death.[3] Plaintiff also alleges his wife was in distress, may

---

[1] Docket 1.

[2] Dockets 2-3.

[3] Docket 1 at 3-5.

have been physically restrained, and was pressured into palliative care.[4] For relief, Plaintiff requests a federal investigation.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint names defendants who are immune from suit and fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] *Id. See also* Docket 1-1 at 2.

[5] Docket 1 at 5.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[7] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 2 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 2 of 14

In conducting its screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

---

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[10] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 3 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 3 of 14

**DISCUSSION**

I.  **Requirements to State a Claim**

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[13] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[17] Further, a plaintiff who proves he was injured by the tortious conduct of another is generally limited to recovering monetary damages from the tortfeasor;

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Ashcroft*, 556 U.S. at 678.

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[17] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 4 of 14
Case 3:24-cv-00086-SLG    Document 5    Filed 10/21/24    Page 4 of 14

this Court does not have the authority to conduct a federal investigation into alleged wrongful acts.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

### A. Claim Against the State of Alaska

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[18] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[19] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[20] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[21]

---

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[20] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[21] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 5 of 14
Case 3:24-cv-00086-SLG     Document 5     Filed 10/21/24     Page 5 of 14

A defendant in a civil rights lawsuit must be a "person."[22] States and state agencies are not considered "persons" under Section 1983.[23] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[24] The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution, so any civil rights claims against the State of Alaska or its agencies are not viable in federal court. Therefore, all claims against the State of Alaska must be dismissed. However, if Plaintiff can identify one or more state employees that he alleges violated his civil rights or the rights of his former spouse, Plaintiff will be given leave to file an amended complaint that identifies such employees as defendants and explains how he believes civil rights were violated. If Plaintiff seeks to bring any such claims on behalf of his former spouse, those claims must be brought by the personal representative of Ms. Swett's estate.

**B. Claim against the Alaska Native Medical Center**

The United States, as a sovereign nation, "is immune from suit save as it

---

[22] 42 U.S.C. § 1983.

[23] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[24] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 6 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 6 of 14

consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[25] "An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity."[26] The Federal Tort Claims Act (FTCA) provides a limited waiver of the United States' immunity from suit, allowing claims for certain "negligent or wrongful act[s] or omission[s]" perpetrated by "any employee of the Government while acting within the scope of his [or her] employment... in accordance with the law of the place where the act or omission occurred."[27] In addition, the governmental immunity has been extended to cover employees and officers of federally funded health centers,[28] as well as tribal employees and certain contractors, including Indian Health Centers such as the Alaska Native Medical Center,[29] when the alleged act or omission is the performance of medical, surgical,

---

[25] *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[26] *Blackburn v. United States,* 100 F.3d 1426, 1429 (9th Cir. 1996).

[27] 28 U.S.C. § 1346(b).

[28] The Federally Supported Health Centers Assistance Acts (FSHCAA) of 1992 (Pub. L. 102-501) and 1995 (Pub. L. 104- 73) extends Federal Tort Claims Act (FTCA) liability protections to eligible health centers funded under the Health Center Program pursuant to section 330 of the Public Health Service (PHS) Act (42 U.S.C. 254b), as amended. A current list of federally funded healthcare facilities can be found at: https://data.hrsa.gov/data/reports/datagrid?gridName=FQHCs.

[29] In 1988 and again in 1990, Congress extended the FTCA to negligent acts of tribal contractors carrying out contracts, grants, or cooperative agreements pursuant to Public Law 93–638, the Indian Self-Determination and Education Assistance Act ("ISDEAA").

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 7 of 14
Case 3:24-cv-00086-SLG      Document 5      Filed 10/21/24      Page 7 of 14

dental, or related functions resulting in personal injury, including death, and occurring within the scope of employment.[30] This includes not only claims for medical malpractice, but to "any claim, however styled"[31] where the defendant's "job functions…are 'interwoven' with providing medical care.' "[32] In an FTCA action, however, "the law of the state in which the alleged tort occurred" is the applicable substantive law.[33]

When the alleged events occur at a federally funded healthcare facility or government facility, the proper defendant in the case is the United States of America.[34] However, "before an individual can file an action against the United States in district court, [he] must seek an administrative resolution of [his] claim."[35] Thus, a federal court must dismiss tort claims against the United States or eligible

---

[30] *Hui v. Castaneda,* 559 U.S. 799, 806 (2010).

[31] 42 U.S.C. § 233(a).

[32] *Goss v. United States*, 353 F. Supp. 3d 878, 886 (D. Ariz. 2018) (collecting cases).

[33] *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006); *see also Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) ("The FTCA authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' " (citation omitted)).

[34] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

[35] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. § 2675(a) (1988).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 8 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 8 of 14

federal agencies for lack of subject matter jurisdiction where the plaintiff fails to affirmatively allege that he has first exhausted his administrative remedies by filing a claim with the appropriate agency.[36] Because Mr. Swett has not provided any indication that he had filed an administrative claim that was denied before he brought this suit—an action that seems highly improbable given that this suit was filed less than one month after Ms. Swett's death—the claims against the Alaska Native Medical Center must be dismissed.

### C. Claim against Mat-Su Regional Medical Center

Plaintiff cannot maintain a civil rights claim against Mat-Su Regional Medical Center because it is a privately owned hospital and there is no indication that the hospital was acting with state authority when Ms. Swett was at its facility. The personal representative of Ms. Swett's estate and Mr. Swett may be able to bring a tort claim for damages against Mat-Su Regional in state court; or they may be able to bring a claim for damages in federal court if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. But Plaintiff cannot obtain the remedy of a federal investigation by this Court.

### III. Plaintiff's Motion to Waive the Filing Fee

A federal court may authorize a plaintiff to proceed without paying the filing

---

[36] 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (holding that where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 9 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 9 of 14

fee upon application and a showing of indigency.[37] This is sometimes referred to as filing "in forma pauperis" or "IFP." Federal courts also "have discretion to impose partial filing fees under the in forma pauperis statute."[38] A plaintiff seeking to waive the filing fee must allege poverty with "some particularity, definiteness and certainty."[39] A plaintiff need not be absolutely destitute to proceed IFP, but his poverty must prevent him from paying the filing fee and providing for himself and any dependents with the necessities of life.[40]

Here, the information Plaintiff provided to the Court reflects that he is financially able to pay at least a portion of the filing fee to commence this action. Specifically, Plaintiff indicates he received $2,066 per month in Social Security Retirement Benefits,[41] and he is also seasonally employed by Cooley Construction.[42] He did not indicate whether he received the Alaska Permanent Fund Dividend or other dividends within the last twelve months.

Based on the current record, it appears Plaintiff can afford to pay $200 of the Court's civil case filing fee of $405.00. Therefore, Plaintiff's motion to waive the

---

[37] 28 U.S.C. § 1915(a)-(b).

[38] *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995).

[39] *Escobedo v. Applebee's,* 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).

[40] *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40 (1948).

[41] Docket 3 at 3.

[42] Docket 3 at 2.

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 10 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 10 of 14

filing fee at **Docket 3 is GRANTED IN PART.** Should Plaintiff wish to proceed with this action, he must either pay the $200 partial filing fee of $405.00 with any amended complaint. If Plaintiff have additional information to provide the Court, he may file an updated application to waive the filing fee before filing an amended complaint.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[43] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[44] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[45] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[46] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff has been given the

---

[43] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[44] Fed. R. Civ. P. 8(a)(2).

[45] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[46] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 11 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 11 of 14

opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[47] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number may be repeated anywhere in the complaint.[48] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

---

[47] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[48] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 12 of 14
Case 3:24-cv-00086-SLG    Document 5    Filed 10/21/24    Page 12 of 14

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive the filing fee at **Docket 3 is GRANTED in part**. Should Plaintiff wish to proceed with this action, he must either pay the **$200 partial filing fee** of $405.00 before or at the same time he files an amended complaint.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[49] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[49] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 13 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 13 of 14

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[50] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[50] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00086-SLG, *Swett v. Alaska Native Medical Center, et al.*
Screening Order
Page 14 of 14
Case 3:24-cv-00086-SLG   Document 5   Filed 10/21/24   Page 14 of 14